Soates, Justice, delivered the opinion of the court: (1) Petition and Summons on a promissory note dated 17th Sept., 1836. The defendant pleaded first, a want;of consideration, and secondly, a failure of consideration in this ; that the note .was given for a certain lot of ground, to which the plaintiff had no title, but which still remained in the general government. Issue on the first plea ; and replication to the second, that the plaintiff was in peaceable possession of said lot, had made thereon certain important and valuable improvements of which he was the owner, and which he sold to the defendant, and for which the note was given. To this' replication the defendant rejoined, that the plaintiff was not in peaceable possession ; had not made important and valuable improvements thereon, of which he was the owner; and that the sale and conveyance thereof to the defendant was not the consideration of said note. Upon these issues the parties went to trial. Upon trial the plaintiff read in evidence the following note: “Oregon City, September 17th, 1836. For value received, I promise to pay John Phelps, or his order, one hundred dollars, in six months from date, with interest. JONATHAN W. Jenkins.” He also called a witness, who testified that in the fall of 1835, witness and plaintiff’s brother built for the plaintiff a house, on the southeast part of the plat of Oregon city, about forty rods from the lot mentioned in the defendant’s pleas ; that he saw a furrow which had been ploughed on two sides of the present town . plat, which was called Phelps’ ploughing; and the claim was called Phelps’ claim; that in the fall of 1835, Phelps had a meridian line run in said town, and the surveyor commenced in square work of the plat of said town, and at the same time stakes were driven at the corner of the blocks on said meridian line, so that any lot could have been ascertained by placing a compass at one of the stakes, and following the lines of the lot; that in July, 1836, Major Hitt, in the employment of said Phelps, finished the fractional part of the survej’ and plat of said town, in- [* 50] eluding the premises mentioned in the pleas ; that he assisted in said surveys; that he identified the plat, which was exhibited to him in open court, as a true plat of said town, as surveyed and laid out as aforesaid ; that the streets were laid out, and stakes driven at the corners of said lots ; that lot one (1), in block eighty-six (86), for which the defendant in his said pleas alleges that the note was given, was pointed out, and identified by witness on the plat of said town. Witness thinks ■ the number of lots in said town was between fourteen and fifteen hundred ; that-the expense of surveying and platting said town was about twelve and a half cents a lot; that lot one (1) was on a street laid off as such in said town ; that said Jenkins came to said town in the spring of 1836, and stopped a short time at the plaintiff’s house ; that the defendant built a house on said lot, before the said last mentioned survey was made, and had ever since lived upon said premises; and that Jenkins made all the improvements that are on said lot, except the surveying and platting. The witness does not ■ know, that plaintiff ever had possession of said lot, except the surveying and platting aforesaid. He would consider the lot more valuable by the surveying, platting, and laying off the streets as aforesaid. ' To all this evidence, except what related to improvements made by defendant himself, defendant objected, and it was received subject to this objection. This was all the evidence, when the plaintiff rested his case. Upon motion of the defendant, the court instructed the jury to find as in case of a non-suit; which was excepted to, and is now assigned for error. It is said there is a departure in pleading. We deem it unnecessary to notice this objection, as there are other questions that will dispose of the error assigned. The defendant tendered an issue, that the title to a certain lot of land Avas the consideration of this note, which had failed by reason that the plaintiff had no right or title to convey it. Instead of accepting this issue, and throwing the onus upon the defendant, whose proof he might have rebutted by showing the consideration to have been different, the plaintiff affirmatively avers that the consideration was the sale and conveyance of certain improvements made, owned, and in peaceable possession of the plaintiff. This the defendant denies. By this pleading, the plaintiff voluntarily assumes the burthen of proving what the real consideration of the note was, which he might have thrown upon the defendant, by simply denying his plea. Two facts are, therefore, necessary to sustain his issue : first, that he owned such improvements ; and, secondly, that the sale of them to the defendant was the consideration of the . note. He introduced evidence tending to prove the [* 51] first, that there were such improvements, and that he was the owner; but he offered no evidence to prove, or tending to prove, that the note was executed in consideration of the sale and conveyance of them to the defendant. Courts will never instruct a jury to find as in case of a non-suit, where there is evidence tending to prove the issue, although it may be weak, and even insufficient, in the opinion of the court, to sustain it; it will be left to the jury. But where one cause of action or defence depends upon the existence of several distinct facts, each one of which is an essential link in the chain, an omission to aver, or a failure to prove, any one, would completely defeat the whole cause of action, or defence. A failure to introduce testimony conducing to prove any one would be a total failure. It is perfectly immaterial, whether the defendant made, owned,, and was in peaceable possession of these improvements, if the sale of them to the defendant did not form the consideration of this promise. If something else formed the consideration of the promise, it is immaterial whether he made, owned, and possessed said improvements, or not. So, there being no proof as to the consideration being the sale, the instruction was properas to that issue. The counsel stated that the issue, on the plea of want of consideration, is not properly in the record. As no question is raised by the counsel on that issue, we give no opinion, as to the instruction, as applicable to it. The judgment is affirmed with costs. Judgment affirmed. Semple, Justice, did not hear the argument in this cause, and gave no opinion. Wilson, Chief Justice, and Lockwood, Justice, also gave no opinion.